IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRIETTA OKORO, *et al.*,

    Appellants,

    v.                                                   Civil No. PX 17-0733

WELLS FARGO BANK, N.A.,

    Appellee.

**MEMORANDUM OPINION AND ORDER**

Henrietta and Cyriacus Okoro ("Debtors" or the "Okoros") appeal the order of the United States Bankruptcy Court for the District of Maryland granting relief from an automatic stay imposed under 11 U.S.C. § 362(a). ECF No. 1-2 at 1.[1] Both the Okoros and Appellee Wells Fargo Bank, N.A. ("Wells Fargo") have submitted their briefs, and no hearing is necessary. *See* Fed. R. Bankr. P. 8019(b)(3); D. Md. Loc. R. 105.6.

This Court has opined twice on different matters related to this bankruptcy. *See Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267 (D. Md. 2017); *Okoro v. Wells Fargo Bank, N.A.*, Civ. No. PX 16-0616, 2016 WL 5870031 (D. Md. Oct. 6, 2016). The basic facts surrounding the bankruptcy proceedings need not be repeated here. This appeal in particular involves real property located at 7211 Oakley Road, Glenn Dale, MD 20769 (the "Property"). Relevant to this appeal, Wells Fargo moved the Bankruptcy Court for relief from the automatic stay imposed by 11 U.S.C. § 362(a) after the bankruptcy Trustee's abandonment of the Property, the Debtors' discharge, and the Trustee's Report of No Distribution. *See* ECF No. 1-3 at 4. The Okoros

---

[1] The Okoros state in their Notice of Appeal that they are appealing the denial of a motion for reconsideration as to the lifting of the stay. ECF No. 1-3 at 2. The record below does not include any motion to reconsider the Bankruptcy Court's lifting of the stay. Thus, the Court confines its review only to the order granting relief from the automatic stay.

opposed the motion for relief from the automatic stay. ECF No. 3-11 at 1. On March 3, 2017, the Bankruptcy Court issued an order granting relief from the automatic stay with respect to the Property on the grounds that the Trustee had filed its Report of No Distribution and consented to closure of the case. Accordingly, the Bankruptcy Court determined that lifting the automatic stay was warranted so as to allow any pending foreclosure action against the Property to proceed. ECF No. 1-2 at 1.

The District Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *See Cypher Chiropractic Ctr. v. Runski*, 102 F.3d 744, 745 (4th Cir. 1996). This Court may affirm the Bankruptcy Court based on any ground apparent in the record. *See Wells Fargo Bank, N.A. v. Farag*, No. 5:15-CF-422-BO, 2016 WL 2944561, at *2 (E.D.N.C. May 18, 2016).

The Okoros raise a number of contentions in their appeal, including that the Bankruptcy Court erred in granting Wells Fargo relief from the automatic stay because Wells Fargo failed to establish standing to file for such relief; that the Bankruptcy Court erred by granting relief from the stay while a matter was pending with this Court; and that granting the relief from the automatic stay "before final resolution of Debtors' challenge to the validity of Wells Fargo's lien violates Debtors' rights to due process." ECF No. 2 at 5–6. At bottom, these challenges revolve around whether Wells Fargo properly was in possession of the promissory note secured by the Okoros' mortgage and had the authority to foreclose on the Property. *See* ECF No. 2 at 8. The Okoros also claim that the Bankruptcy Court should have refrained from lifting the stay while the Okoros' previous appeal to this Court was pending. ECF No. 2 at 15.

The fundamental flaw in the Okoros' argument is that the Bankruptcy Court's decision to lift the stay was not at all dependent on the validity of Wells Fargo's "evidence," whether Wells

Fargo possessed a lien against the Property, or whether Wells Fargo had a right to enforce such a lien. Instead, the Bankruptcy Court determined that the legal prerequisites for the lifting of the automatic stay were met.

The Bankruptcy Court was correct. The purpose of the automatic stay is to prevent actions to collect from a debtor or that would threaten a debtor's estate. *Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Va. 2014). Here, an Order of Abandonment as to the Property had been issued, *see* ECF No. 1-3 at 4; thus, the Property was no longer part of the estate. *See In re Perry*, 29 B.R. 787, 794 (D. Md. 1983). Further, the Trustee had filed his Report of No Distribution on May 19, 2016, ECF No. 1-3 at 4, which led to the Okoros' discharge and the full administration of the bankruptcy estate. *See Okoro*, 567 B.R. at 274.

In light of the Debtors' discharge and the Trustee's abandonment of the Property, the automatic stay as to the Property was terminated as a matter of law. *In re Perry*, 29 B.R. at 794; *In re Gecy*, 510 B.R. 510, 521 (Bankr. D.S.C. 2014); *In re Thomas*, 27 B.R. 59, 60 (Bankr. D. Me. 1983) (Because "the debtors received their discharge, and . . . the trustee abandoned the property in question . . . the automatic stay of acts against that property has terminated."); *see* 11 U.S.C. § 362(c)(2)(C); *In re Banks*, 577 B.R. 659, 665 (Bankr. E.D. Va. 2017) ("In a case under chapter 7, the automatic stay remains in effect as to actions against the debtor until the debtor is granted or denied a discharge."). Additionally, closure of the bankruptcy case itself lifts an automatic stay. 11 U.S.C. § 362(c)(2)(A); *see Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 448 (D. Md. 2015) (the automatic stay continues until the bankruptcy case is dismissed or closed, or discharge of the debtor's debts is granted or denied). Accordingly, the Bankruptcy Court committed no error in granting relief from the automatic stay.

The Okoros argue that because of their other pending appeal in this Court, the Bankruptcy Court's grant of relief from the stay violated their Due Process rights. ECF No. 2 at 15–17. The Court cannot discern the rationale for this argument. In the civil case before this Court, the Okoros, in essence, challenged the validity of Wells Fargo's entitlement to proceed against the Property; their appeal of the Bankruptcy Court's dismissal of their Adversary Proceeding involved essentially identical underlying contentions. *See Okoro*, 2016 WL 5870031, at *2–*4; *Okoro*, 567 B.R. at 270. The Bankruptcy Court's grant of relief from the automatic stay neither implicated nor affected the status the Okoros' other appeal before this Court. Indeed, given the Okoros' three separate suits involving the Property, the Court is hard-pressed to find a Due Process violation occurred here.[2]

For the reasons given, this Court AFFIRMS the Order of the Bankruptcy Court granting relief from the automatic stay. It is this 8th day of March, 2018, by the United States District Court for the District of Maryland, **ORDERED** that:

1. The Bankruptcy Court's Order entered March 3, 2017 (ECF No. 60 in Bankruptcy No. 16-11751) is AFFIRMED.

2. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

|  3/8/2018  |  /s/  |
| --- | --- |
| Date | PAULA XINIS<br>United States District Judge |

---

[2] Moreover, as Wells Fargo points out, the Okoros took no steps to stay or otherwise delay the bankruptcy proceeding while their earlier appeal was pending with this Court. *See* ECF No. 7 at 10–11.